# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

HARRY JACKSON DAVIS,                )
                                    )
        Plaintiff,                )
                                    )
vs.                                 )    NO. CIV-18-488-HE
                                    )
AUTOMAX DODGE CHRYSLER              )
JEEP, *et al.*                      )
                                    )
        Defendants.               )

## ORDER

Plaintiff Harry Davis brought this action in state court against defendants Automax Dodge Chrysler Jeep and Municipal Employees Credit Union of Oklahoma City (ME/CU). Plaintiff claims that the defendants wronged him by entering false information in a vehicle loan credit application on his behalf and by failing to independently verify the information prior to approving him for the loan. Defendants removed the case to this court.

Here, Automax has re-filed a motion to compel arbitration of the claims against it. ME/CU has moved to dismiss on the basis of failure to state a claim. Plaintiff has not responded to either of those motions, but has filed a motion to remand the case to state court.

## Motion to Remand

Plaintiff seeks remand on the basis he did not mean to assert an independent federal claim, that the predominant thrust of his case is based on state law claims, and that Automax waived its right to remove by filing a motion to dismiss in state court. None of those grounds are persuasive.

Plaintiff's sixth cause of action explicitly relies on the federal Truth In Lending Act, citing 15 U.S.C. § 1601 *et seq.* as one basis for the claim. That is sufficient to be a basis for federal question jurisdiction and the assertion of a greater number of state law claims does not eliminate the necessary jurisdictional basis.

Plaintiff argues that Automax waived its right to remove by filing a motion to dismiss in state court. A defendant can be deemed to have waived the right to remove by taking some substantial offensive or defensive pre-removal action in the state court action indicating a willingness to litigate in that tribunal. City of Albuquerque v. Soto Enters., Inc., 864 F.3d 1089, 1098 (10th Cir. 2017). To invoke that rule, the waiver must be "clear and unequivocal, meaning that 'short of [the defendant] seeking an adjudication on the merits,' the 'right to removal is not lost.'" *Id.* (quoting PR Grp., LLC v. Windmill Int'l, Ltd., 792 F.3d 1025, 1026 (8th Cir. 2015)). Here, Automax's motion did not seek to resolve the merits of the dispute in state court. Rather, it sought to compel arbitration of the claims against it, and asked the state court to dismiss or stay the case pending that arbitration. That is not a request for the state court to adjudicate the merits of the case. The weight of authority appears to conclude that motions to compel arbitration filed pre-removal are not a basis for waiver. *See* MG Bldg. Materials, Ltd. v. Paychex, Inc., 841 F. Supp. 2d 740, 752-3 (W.D.N.Y. 2012); Tillis v. Cameron, No. 07-cv-0078-WKW, 2007 WL 2806770, at *4 (M.D. Ala. 2007) (citing cases).

The petition plainly stated a claim based on federal law and no basis for waiver of the right to remove has been shown. The motion to remand will therefore be denied.

## ME/CU's Motion to Dismiss

ME/CU's motion asks the court to dismiss plaintiff's claims against it. While ME/CU advances several grounds for dismissal, including some based on facts or circumstances outside the scope of the pleadings, the court concludes the petition fails to state a claim against MC/CU and the motion should be granted on that basis.[1] None of the claims include a factual basis for concluding that ME/CU, as the lender, had a duty to investigate or verify the credit information submitted to it nor is there any basis alleged for concluding that this defendant had a fiduciary or other "special relationship" with the plaintiff that could be a basis for claim. *See* First Nat. Bank and Trust Co. of Vinita v. Kissee, 859 P.2d 502, 510 (Okla. 1993).

ME/CU's motion to dismiss will be granted. In light of the various documents referenced in defendant's submissions, the court has considerable doubt whether plaintiff will be able to state a claim against the lender in any amended pleading. However, as the basis for dismissal here is Rule 12(b)(6), and as remediation by amendment is at least theoretically possible, he will be granted leave to amend.

## Automax's Motion to Compel Arbitration

Automax's motion here is substantially the same as its motion filed pre-removal in state court, and seeks to compel plaintiff to submit his claims against Automax to arbitration. As with ME/CU's motion, plaintiff has not responded to it. The court concludes the motion shows a sufficient basis for the relief sought.

---

[1] *Plaintiff's failure to respond to the motion may also be a basis for granting the motion, L.Cv.R. 7.1(g).*

Automax relies on an agreement to arbitrate included in the purchase order for the vehicle involved. Agreements to arbitrate are enforceable under both federal and Oklahoma law. Once an agreement to arbitrate has been established, "doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Nat'l Am. Ins. Co. v. SCOR Reinsurance Co., 362 F.3d 1288, 1290 (10th Cir. 2004). In determining whether an agreement exists at all, the general rule is to apply ordinary state-law principles governing the formation of contracts. Summit Contractors, Inc. v. Legacy Corner, L.L.C., 147 F. App'x 798, 800–01 (10th Cir. 2005) (unpublished) (federal courts "should apply ordinary state-law principles that govern the formation of contracts" when determining whether a valid agreement exists) (quoting First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 944 (1995)).

Here, Automax's submissions are sufficient to show the necessary agreement to arbitrate and there is no apparent basis for contesting that this dispute is within the scope of the agreement. The motion will therefore be granted.

Under the Federal Arbitration Act, if an issue is referable to arbitration under a written arbitration agreement, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had...." 9 U.S.C. § 3. While dismissal rather than a stay may be appropriate in some circumstances, the court concludes, in light of the statute and as claims potentially remain against the co-defendant, that further proceedings here against Automax should be stayed pending completion of the arbitration.

**Conclusion**

For the reasons stated, plaintiff's motion to remand [Doc. #7] is **DENIED.** Defendant ME/CU's motion to dismiss [Doc. #4] is **GRANTED**, and plaintiff's claims against ME/CU are **DISMISSED**. Plaintiff is granted leave to file an amended complaint seeking to state a claim against ME/CU within 14 days. Defendant Automax's motion to compel arbitration [Doc. #11] is **GRANTED.** Plaintiff's claims against Automax are ordered to arbitration and further proceedings in this case against Automax are **STAYED** pending completion of the arbitration process.

**IT IS SO ORDERED.**

Dated this 23rd day of July, 2018.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE